# Third District Court of Appeal

## State of Florida

Opinion filed August 20, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0146
Lower Tribunal No. 22-17077-CC-23
_____

**Tamarah Wellons and Jarett Wellons,**
Appellants,

vs.

**Broward Water Consultants, Inc.,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Natalie Moore, Judge.

Lee Legal Services, and Tamarah Lee Wellons, for appellants.

Schneider Law Firm, P.A., and Leslie Mark Schneider (Fort Lauderdale), for appellee.

Before EMAS, LINDSEY and GOODEN, JJ.

PER CURIAM.

Following installation of water treatment equipment and lack of payment for their services, Appellee Broward Water Consultants. Inc. filed suit against Appellants Tamarah Wellons and Jarett Wellons. Broward Water Consultants moved for summary judgment. The Wellons did not file a response. Upon their request, the trial court continued the hearing. Three days before the continued hearing, the Wellons filed their response to the motion. The trial court declined to consider the untimely filing and entered final summary judgment for Broward Water Consultants.

The Wellons appealed. In addition to attacking the merits of the motion for summary judgment, they allege the trial court abused its discretion by not considering their response. We disagree and affirm. See Fla. R. Civ. P. 1.510(e)(2)–(3); Hernandez v. Heritage Prop. & Cas. Ins. Co., 400 So. 3d 725, 727 (Fla. 3d DCA 2024) ("If the nonmovant fails to timely serve the response required by the rule, the trial court has the discretion to consider the facts undisputed and to grant summary judgment in favor of the movant if the summary judgment motion and supporting materials show that the movant is entitled to it."); Lloyd S. Meisels, P.A. v. Dobrofsky, 341 So. 3d 1131, 1136 (Fla. 4th DCA 2022) ("Because the defendants failed to file a response with their supporting factual position, as required under the amended rule, the trial court was permitted to consider the facts set forth in

2

the plaintiff's motion for summary judgment as "undisputed for purposes of the motion."); Knowles v. C. I. T. Corp., 346 So. 2d 1042, 1043 (Fla. 1st DCA 1977) ("It is elementary that in order to recover on a claim for breach of contract the burden is upon the claimant to prove by a preponderance of the evidence the existence of a contract, a breach thereof and damages flowing from the breach.").

Affirmed.